# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 6127 | DATE | 5/2/2003 |
| CASE TITLE | Lorraine Klootwyk v. Daimler Chrysler Corp., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, the Court GRANTS Defendants' motion for summary judgment [28-1] in its entirety. This case is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | 5/7/03 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 45 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mds(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LORRAINE KLOOTWYK, individually and )
as Administrator of the Estate of HAROLD )
KLOOTWYK, Deceased, )
)
        Plaintiff, )
) No. 01 C 6127
    v. )
) HONORABLE DAVID H. COAR
DAIMLER CHRYSLER CORPORATION, )
et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lorraine Klootwyk ("Plaintiff" or "Klootwyk"), filed a two-count diversity action under the Illinois Wrongful Death Act, 740 ILCS 180/1, against DaimlerChrysler Corporation and DaimlerChrysler Motors Corporation (collectively "DaimlerChrysler" or "Defendants"). Count I is a strict products liability claim and Count II is a negligence claim. In both counts, Plaintiff alleges that Defendants defectively designed the driver-side air bag system in its 1998 Dodge Ram 2500 van, which caused Plaintiff's husband to suffer fatal injuries upon collision. Before this Court is Defendants' motion for summary judgment. For the following reasons, this Court GRANTS defendants' motion for summary judgment.

### I. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."



Fed.R.Civ.P. 56(c); Peerman v. Georgia-Pacific Corp., 35 F.3d 284, 286 (7th Cir. 1994) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986); Whetstine v. Gates Rubber Co., 895 F.2d 388, 392 (7th Cir. 1990).

The movant bears the initial burden of establishing that no genuine issue of material facts exists for trial. Celotex, 477 U.S. at 323. If the movant meets this burden, the non-movant must set forth specific facts that demonstrate the existence of a genuine issue for trial. Rule 56(e); Whetstine, 895 F.2d at 392 (citing Celotex, 477 U.S. at 324). The non-movant "may not rest upon the mere allegations or denials of the adverse party's pleading," but instead, must produce "proper documentary evidence to support his contentions." Whetstine, 895 F.2d at 392 (citing Howland v. Kilquist, 833 F.2d 639, 642 (7th Cir. 1987)). Summary judgment should be granted if the non-movant has "failed to produce sufficient evidence to establish the existence of an essential element of its case on which it bears the burden of proof" at trial. Peerman, 35 F.3d at 287(citing Celotex, 477 U.S. at 322).

## II. Background

The following facts are taken from Defendants' Statement of Uncontested Material Facts.[1] At all relevant times, Klootwyk has been a resident of Illinois. Defendants are Delaware corporations with their principal places of business in Michigan.

---

[1] Despite numerous extensions of time and this Court's Rule 56 cautionary instructions, Plaintiff did not respond to Defendants' Motion for Summary Judgment. Therefore, Defendants' material facts that are supported by the record are deemed admitted. LR 56.1(b)(3)(B).

Mr. Klootwyk, the decedent, had a history of severe arteriosclerotic cardiovascular disease. On June 1, 1998, Mr. Klootwyk was driving his 1998 Dodge Ram 2500 van westbound on Wellington Street in Chicago, Illinois. The Dodge Ram van was equipped with a driver restraint system which included a driver-side air bag system. The driver-side air bag is designed to deploy in moderate to severe frontal collisions. At the intersection of Wellington and Lakewood, Mr. Klootwyk came to a complete stop at a stop sign. At or near the stop sign, Mr. Klootwyk suffered a sudden cardiac arrest. Moments later, the van slowly proceeded through the intersection and veered off to the right, traveling off of the street and over the curb across three properties. The van finally came to a rest when it collided with a house at 1310 Wellington Street. The driver-side air bag in the vehicle did not deploy in the collision as the speed and impact of the accident was below the deployment threshold. Witnesses at the scene, who observed the van during the accident and later approached it, noted that Mr. Klootwyk was blue in color, immobile, and unresponsive. The injuries that Mr. Klootwyk reportedly sustained from the accident (injuries to his neck), were not, in all medical probability, fatal injuries.

On May 1, 2001, Plaintiff, individually and as Administrator of the Estate of Harold Klootwyk, deceased, filed her products liability complaint against Defendants in the Circuit Court of Cook County. The Complaint consists of two counts, both of which allege that the driver-side air bag system was defective in that it failed to deploy during the collision, causing her husband fatal injuries. On August 8, 2001, the case was removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 as complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.

In accordance with this Court's Scheduling Order, the parties were instructed to disclose expert testimony, pursuant to Rule 26(a)(2), on or before September 12, 2002. Defendants complied with the order, disclosing written reports of several expert witnesses who opined that the driver-side air bag properly did not deploy in the crash and that it was of a reasonable, safe and effective design. They also proffered expert testimony that Mr. Klootwyk suffered a sudden cardiac arrest at or near the stop sign at the intersection of Wellington and Lakewood and that the injuries that Mr. Klootwyk sustained due to the accident were not, in all medical probability, fatal injuries. Plaintiff failed to present any expert testimony.

### III. Discussion

A ruling on a motion for summary judgment necessarily implicates the substantive law that would govern the case at the trial on the merits. Anderson, 477 U.S. at 252. As a federal court sitting in diversity jurisdiction, this Court applies the substantive law of the state in which it sits, which is Illinois. Land v. Yamaha Motor Corp., 272 F.3d 514, 516 (7th Cir. 2001). Therefore, Illinois negligence and strict products liability law applies to this case. This Court addresses each Count of the Complaint in turn.

A. Count I - Strict Liability

The doctrine of strict products liability as set forth in the Restatement (Second) of Torts section 402A (1965) has been adopted in Illinois. Coney v. J.L.G. Industries, Inc., 97 Ill.2d 104, 110, 454 N.E.2d 197, 200 (1983) (citing Suvada v. White Motor Co., 32 Ill.2d 612, 210 N.E.2d 182 (1965)). Therefore, under Illinois law, a claim for strict products liability requires proof that: 1) the injury or damages resulted from a condition of the product manufactured by the defendant; 2) the condition was an unreasonably dangerous one; and 3)

the condition existed at the time the product left the manufacturer's control. Restatement (Second) of Torts § 402(A). Generally, plaintiffs favor strict products liability because it does not require proof of fault. Todd v. Societe Bic S.A., 21 F.3d 1402, 1405 (7th Cir. 1993). However, while a plaintiff need not prove the manufacturer's fault in order to prevail on this theory, "strict products liability is not absolute liability." Korando v. Uniroyal Goodrich Tire Co., 159 Ill.2d. 335, 343, 637 N.E.2d 1020, 1024 (1994). All three elements of a strict products liability claim can be established by either direct or circumstantial evidence. Sorce v. Naperville Jeep Eagle Inc., 309 Ill.App.3d 313, 327, 722 N.E.2d 227, 237 (1999). When circumstantial evidence is used, "it should, at a minimum, include either proof that tends to exclude other extrinsic causes or an expert opinion that the product contained an unreasonably dangerous defect at the time it left the manufacturer's control." Sorce, 309 Ill.App.3d at 327, 722 N.E.2d at 237 (citing Sanchez v. Firestone Tire & Rubber Co., 237 Ill.App.3d. 872, 874, 604 N.E.2d 948, 950 (1992)).

Plaintiff's strict liability count fails on each element. As to the first element, under Illinois law, proximate cause can only be established when there is a reasonable certainty that the defendant's acts caused the injury. Wintz v. Northrop Corp., 110 F.3d 508, 515 (7th Cir. 1997) (citing Schultz v. Hennessy Industries, 222 Ill.App.3d 532, 540, 584 N.E.2d 235, 241 (1991)). Reasonable certainty that the defendant's conduct caused the injury in question may be established by an "inference of probability, not mere possibility." Wojtowicz v. Cervantes, 284 Ill.App.3d 524, 532, 672 N.E.2d 357, 362 (1996) (citing McCullough v. Gallaher & Speck, 254 Ill.App.3d 941, 949, 627 N.E.2d 202, 208 (1993)).

As Plaintiff has presented no evidence on the causation element, she does not state a *prima facie* case of strict products liability. The only evidence in the record pertaining to the causation element is testimony offered by Defendants' experts who opined that the injuries Mr. Klootwyk sustained from the collision were not fatal and that his death was more probably related to the sudden cardiac arrest he experienced just moments before the collision.

Plaintiff's failure to provide proof of causation is fatal to her claim. See Lewis v. Holsum of Ft. Wayne, Inc., 278 F.3d 706, 709 (7th Cir. 2002) (stating that summary judgment is proper when "complete failure of proof concerning an essential element of the [nonmovant's] case necessarily renders all other facts immaterial") (citing Celotex, 477 U.S. at 323). Further, even if the Court were to overlook Plaintiff's failure to provide proof of causation, she still could not survive summary judgment because she also fails to satisfy the second and third elements of her strict products liability claim. Namely, she offers absolutely no proof that the condition of the driver-side airbag was unreasonably dangerous or that the such condition existed at the time the Dodge Ram van left the Defendants' control. Rather, Plaintiff merely asserts that her husband would not have sustained fatal injuries without a defect in design or manufacture being present. This mere speculation, however, is insufficient to defeat a motion for summary judgment. Norman v. Ford Motor Co., 160 Ill.App.3d 1037, 1040, 513 N.E.2d 1053, 1055 (1987). "In a cause of action on the theory of strict products liability, 'a legal inference of defectiveness may not be drawn merely from evidence that an injury occurred'" Id. (quoting Artis v. Fibre Metal Products, 115 Ill.App.3d 228, 232, 450 N.E.2d 756, 759 (1983)). In a case such as this one, Plaintiff needed to offer expert testimony to attest to the fact that the driver-side air bag was unreasonably dangerous, as this claim

involves technical matters beyond the common knowledge and experience of jurors. See
Baltus v. Weaver Division of Kiddie & Co. Inc., 199 Ill.App.3d 834, 836-38, 557 N.E.2d
580, 589-91 (1990) (collecting cases explaining when and why presentation of expert
testimony is necessary in strict products liability cases). Thus, as Plaintiff fails to offer any
proof supporting her strict products liability claim, summary judgment is granted in favor of
Defendants.

B. Count II - Negligence

Like Plaintiff's strict liability claim, her negligence claim fails because Plaintiff fails to
offer evidence essential for her claim. As discussed above, Plaintiff has set forth no evidence
that the driver-side air bag was defective, or "unreasonably dangerous," and that this defect
proximately caused the decedent's injuries. Illinois imposes a duty on manufacturers to make
a product that is reasonably safe. Masters v. Hesston Corp., 291 F.3d 985, 990 (7th Cir.
2002) (citing Baltus v. Weaver Div. of Kiddie & Co., 191 Ill.App.3d 821, 557 N.E.2d 580,
585 (1990)). Further, in order for a defendant to be liable for negligence, a plaintiff must
establish that the defendant had a duty towards the plaintiff, defendant breached that duty, and
the breach was a proximate cause of plaintiff's injury. Norman, 160 Ill.App.3d at 1040, 513
N.E.2d at 1054.

The distinction between a strict products liability claim and a negligence claim lies in
the fault concept. In strict products liability, the focus centers on the defective condition of
the product, irrespective of the manufacturer's fault. On the other hand, in negligence
liability, proof of the defendant's fault is required by a showing that the defendant breached a
specific duty toward the plaintiff. Baltus, 199 Ill.App.3d. at 829, 557 N.E.2d at 585.

Nonetheless, under both theories, "the threshold question" is whether the product was "of unreasonably dangerous design," specifically, "whether the product is dangerous because it fails to perform in the manner reasonably to be expected in light of its nature and intended function." Id.

While it is clear that Defendants owed Plaintiff a duty, Baltus, 199 Ill.App.3d. at 829, 557 N.E.2d at 585 ("In products liability actions, a manufacturer has a nondelegable duty to produce a product that is reasonably safe."), Plaintiff cannot show that Defendants breached that duty nor that such alleged breach caused Mr. Klootwyk's injuries. Plaintiff has failed to present any evidence, expert or otherwise, that supports her allegation that the driver-side air bag was defective. Thus, this Court holds that Defendants were not negligent in their duty to safely design and manufacture the air bag system in question, and it grants Defendants' motion for summary judgment as to Count II.

## IV. Conclusion

For the foregoing reasons, this Court GRANTS Defendants' motion for summary judgment in its entirety. This case is closed.

**Enter:**

_____
**David H. Coar**
**United States District Judge**

**Dated: May 2, 2003**